UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATOYA SHANAH MOULTRIE, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:24-CV-1923-SEG |
| FYR SFR BORROWER LLC, PROGRESS RESIDENTIAL LLC, THE TOTTEN FIRM LLC, MATHEW TOTTEN ESQ., JUDGE ROBERT D. LEONARD, II, MIMI SCALJON ESQ., | |
| Defendants. | |

## O R D E R

This case is before the Court for a frivolity review under 28 U.S.C. § 1915(e)(2).  It is also before the Court on Plaintiff's motion for emergency relief, (Doc. 10), motion for injunction, (Doc. 12), motion for consideration, (Doc. 13), motion for emergency relief, (Doc. 14), and "motion to disqualify Judge for bias and failure to uphold judicial integrity," (Doc. 15.)

### I.    Frivolity review (28 U.S.C. § 1915(e)(2)(B))

On May 2, 2024, Plaintiff Latoya Moultrie initiated this *pro se* action against Defendants FYR SFR Borrower LLC, Progress Residential LLC, The Totten Firm LLC, Mathew Totten Esq., Judge Robert D. Leonard, II, and Mimi Scaljon Esq.  (Doc. 1-1.)  On the same day, she filed an application for leave to

proceed *in forma pauperis* (meaning without prepayment of filing fees and costs). (Doc. 1.) The application was approved on May 6, 2024. (Doc. 2.)

In cases brought *in forma pauperis*, the Court must conduct an initial screening known as a "frivolity review." The Court must dismiss a case during this initial screening if it "determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is legally "frivolous" under § 1915(e)(2)(B) when "it lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). And a plaintiff fails to state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A court performing a frivolity review is not required to assume the truth of the complaint's allegations. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991) (citing *Neitzke*, 490 U.S. at 327). Further, though *pro se* complaints are liberally construed, *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008), a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must give the defendant adequate notice of the claims against it and the grounds upon which each claim rests. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). A court is under no duty to "re-write" a *pro se* plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

In this case, Plaintiff's complaint cannot survive review under 28 U.S.C. § 1915(e)(2)(B). First, the complaint is nearly devoid of factual allegations. Second, the complaint's statement of claims merely alleges: "no due process, no due pros for pro se, deprivation USC subsection 242 and 241[,]" (Doc. 3 at 4), and then requests $950,000 in damages or "what the law allow[s]," (*id.* at 5.) From these two sentences, the Court cannot ascertain what legal claims

3

Plaintiff intends to bring against Defendants, which Defendants are being sued for what, or how Plaintiff has been injured in the amount of $950,000.

Further, while Plaintiff filed over 250 pages of attachments, the Court cannot determine how these documents relate to the complaint. For instance, the first attachment, which consists of 97 pages, contains filings from an action in the Superior Court of Cobb County and from a related dispossessory proceeding as well as various bankruptcy-related documents and an email thread between Plaintiff and Betty Batson, a customer support manager at HavenBrook Homes. (Doc. 3-1.) But Plaintiff does not explain how these documents or the other attachments, (*see* Doc. 3-2, Doc. 3-3), relate to her case. There is no effort to connect the dots between the attachments and any purported legal claim.

In sum, Plaintiff's complaint is threadbare, and the attached documents are of unknown relevance. Thus, the complaint, which neither provides a short and plain statement, nor sufficient factual material to state a claim, must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

"In general, a *pro se* litigant must be given an opportunity to amend [her] complaint." *Ferrier v. Atria*, 728 F. App'x 958, 962 (11th Cir. 2018). However, such leave is not warranted where amendment would be futile. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019). "Leave to

4

amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). The Court cannot say at this stage that an amendment would be futile. It is possible that Plaintiff could amend her complaint to add facts that would plausibly support her claims. Thus, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** and with leave to replead.

## II.    Plaintiff's motions for emergency relief, for an injunction, and for consideration (Doc. 10, Doc. 12, Doc. 13, Doc. 14)

On December 30, 2024, Plaintiff filed a motion for emergency injunctive relief related to an eviction that occurred on December 22, 2024. (Doc. 10.) Thereafter, she filed three more motions that, in effect, urged the Court to resolve the first motion for emergency relief. (Doc. 12, Doc. 13, Doc. 14.)

A party seeking a preliminary injunction must show that: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). A preliminary injunction is an "extraordinary and drastic remedy," and Plaintiff bears the

"'burden of persuasion' to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (citing *Siegel*, 234 F.3d at 1176).

Here, Plaintiff has not carried her preliminary injunction burden because she has not shown that her claims have a substantial likelihood of success on the merits. In fact, Plaintiff's claims do not, at present, have any likelihood of success on the merits as the complaint fails to allege facts sufficient to state a claim. *See Webb v. Miami-Dade Cnty.*, No. 23-13395, 2024 WL 4222573, at *6 (11th Cir. Sept. 18, 2024) (affirming the district court's denial of a motion for injunctive relief because plaintiff could not "establish that his claims, which were already dismissed, had a substantial likelihood of success on the merits"). As such, Plaintiff's motion for emergency relief, (Doc. 10), is **DENIED** and her related motions seeking a ruling on the emergency motion, (Doc. 12, Doc. 13, Doc. 14), are **DENIED AS MOOT**.

### III.    Plaintiff's motion to disqualify Judge for bias and failure to uphold judicial integrity (Doc. 15)

On February 25, 2025, Plaintiff moved to disqualify the undersigned pursuant to 28 U.S.C. § 144 and 455. (Doc. 15 at 1.) Plaintiff states that the undersigned displayed bias and "failed to uphold judicial integrity." She also

asserts that the undersigned failed to respond to her complaints in a timely manner and issued an erroneous decision in a different case.  (*Id.* at 1-2.)

A judge shall recuse herself if she is personally biased or prejudiced against a party or in favor of an adverse party, or whenever the judge's impartiality might reasonably be questioned.  *See* 28 U.S.C. §§ 144, 455(a); *In re Walker*, 532 F.3d 1304, 1310 (11th Cir. 2008).  In assessing whether this might be the case, a court must consider "whether an objective, fully informed lay person would entertain a significant doubt about the judge's impartiality." *McNeal v. Navy Fed. Credit Union*, No. 22-13296, 2023 WL 6239420, at *3 (11th Cir. Sept. 26, 2023) (citing *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)).  "The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources."  *Walker*, 532 F.3d at 1310 (quoting *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002)).  Put another way, it must derive from something other than that which the judge learned by participating in the case.  *See Daker v. Reynolds*, No. 21-10614, 2023 WL 1872726, at *4 (11th Cir. Feb. 10, 2023).  "[A]n exception exists where a judge's remarks in a judicial context demonstrate pervasive bias and prejudice against a party."  *Guo v. Rosen*, No. 21-13823, 2023 WL 2125959, at *3 (11th Cir. Feb. 21, 2023) (citing *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983)).  "[J]udicial rulings alone almost never

constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

After reviewing Plaintiff's motion, the Court finds no ground for recusal. First, Plaintiff neither points to an extrajudicial source of bias, nor discusses any act or omission on the part of the undersigned that might reflect bias so pervasive as to warrant disqualification. *See Guo*, 2023 WL 2125959, at *3. Plaintiff's nonspecific allegations of bias are insufficient to demonstrate that an objective, disinterested observer would entertain a significant doubt as to the undersigned's impartiality. *McNeal*, 2023 WL 6239420, at *3.

Second, while Plaintiff states that her motions have not been addressed in a timely manner, (Doc. 15 at 1), disagreements with docket administration and timeliness are generally not valid bases for recusal. *See Postell v. City of Cordele Georgia*, No. 22-13636, 2023 WL 4364503, at *4 (11th Cir. July 6, 2023) (observing that "complaints [that] amount to nothing more than disagreements with . . . docket administration, timeliness, and judicial rulings" are "not valid bases for recusal").

Third, Plaintiff takes issue with the substance of the undersigned's orders in other cases. (Doc. 15 at 1-2.) To the extent that Plaintiff does not agree with the Court's decisions, she may appeal at the appropriate juncture. *See In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009)

("Challenges to adverse rulings are generally grounds for appeal, not recusal.") However, Plaintiff's disagreements with the Court's prior rulings in another case do not warrant recusal in this one.  For the foregoing reasons, Plaintiff's "motion to disqualify Judge for bias and failure to uphold judicial integrity," (Doc. 15), is **DENIED**.

### IV. Conclusion

Plaintiff's complaint, (Doc. 3), is **DISMISSED WITHOUT PREJUDICE**.  If Plaintiff intends to proceed with her case, she must file an amended complaint within **TWENTY-ONE (21) DAYS** from entry of this Order.  Plaintiff's amended complaint should:

1. Identify the appropriate defendants;

2. Set forth specific, discrete causes of action;

3. State specific details about each of her alleged injuries;

4. Provide specific facts—in separately numbered paragraphs—to support each allegation;

5. Allege a type or amount of damages sought with regard to each legal claim; and

6. State a basis for this Court's jurisdiction and venue.[1]

---

[1] *Pro se* plaintiffs may obtain certain materials and hand-outs from the Office of the Clerk of Court, located on the 22nd Floor of the United States

Additionally, the relevant facts and legal claims must be stated in the body of the complaint. The Court will not sift through hundreds of pages of exhibits to attempt to determine who is being sued for what conduct. The Court advises Plaintiff that her amended complaint will supersede her original complaint. Plaintiff must assert in her amended complaint any claims she still wishes to pursue. Failure to timely file an amended complaint consistent with these instructions will result in the dismissal of this action with prejudice. The Clerk is **DIRECTED** to resubmit this case to the undersigned on June 9, 2025.

Plaintiff's motion for emergency relief, (Doc. 10), is **DENIED**. Plaintiff's motions for injunction, (Doc. 12), for consideration, (Doc. 13), and for emergency relief, (Doc. 14) are **DENIED AS MOOT**. Plaintiff's motion to disqualify the undersigned (Doc. 15) is **DENIED**.

**SO ORDERED** this 13th day of May, 2025.

SARAH E. GERAGHTY
United States District Judge

---

Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. Officials in the Clerk's office are not allowed to give legal advice. *Pro se* plaintiffs may also use the law library located in the Elbert P. Tuttle Courthouse, 56 Forsyth Street, N.W., Atlanta, Georgia, or visit the website of the Clerk, http://www.gand.uscourts.gov.